Upon the Petition of Sadie E. ZINGER, Appellant,

and concerning Leonard L. ZINGER, Appellee.

No. 2–56908.

Supreme Court of Iowa.

June 30, 1976.
Rehearing Denied Aug. 24, 1976.

Gary M. Lane, Davenport, for appellant.

Martin F. McCarthy, Davenport, for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REES, JJ.

RAWLINGS, Justice.

Appeal by petitioner contesting economic provisions of marriage dissolution decree. We modify and affirm.

At the outset it is understood all references to income, property worth and ages are those testimonially given or determined as of 1973 in connection with the dissolution hearing.

Petitioner (Sadie E. Zinger) and respondent (Leonard L. Zinger), were then 51 and 53 respectively. Their marriage lasted approximately 32 years and produced four children. The youngest child was born November 30, 1957, her uncontested custody having been granted to petitioner by terms of the decree entered below.

The principal parties hereto own an encumbrance-free home in Davenport having a $25,000 value. The land upon which this home was constructed came to the Zingers as a gift from her parents.

Sadie has a 1970 Buick Skylark, Leonard a 1973 Chevrolet Nova, each vehicle having apparently been given a $3500 valuation.

Respondent alone owns a garden tract, not valued; a $1000 certificate of deposit and $1800 savings account; several life insurance policies with a cash surrender value

of $6000 and four others having $7000 total face value. Leonard is employed full time as a school custodian for which he is paid $8000 per annum. For 26 years he has also been a quad-city diaper service company partner and from this source his annual earnings are $9873. In addition, Leonard earns at least $800 to $900 each year playing with a local musical group. Respondent has no debts, is in good health and unquestionably a hard working, frugal person.

Petitioner, a school teacher, earned $8252 for the 1972 academic year. She here concedes, however, her salary was fixed at $10,713 for the 1973–1974 school year. Sadie has a $2000 savings certificate pledged as security for payment of $1500 borrowed for payment of debts, leaving $500 net worth. She possesses a life insurance policy which has no apparent cash surrender value, the premiums thereon being paid by her school district employer. Petitioner has benefit of a "tax-sheltered annuity". Upon retirement this will yield $162.63 each month. She will also then receive $135 monthly from I.P.E.R.S., plus her social security. Household goods, valued at $2000, were awarded petitioner.

Sadie is also industrious but has a troublesome health problem stemming from an arthritic condition. On occasion petitioner has encountered difficulty in walking but not to such extent as to have precluded fulfillment of her teaching duties. She is apprehensive regarding possible future arthritis-related difficulties.

Trial court ordered the house be held as tenants in common by the parties hereto, subject to petitioner's right of occupancy until November 10, 1978, when the youngest child will become 21. It is to be then sold and the proceeds divided equally between Sadie and Leonard. In the meantime petitioner is to satisfy all taxes, but respondent shall pay reasonable upkeep and repair costs.

As best determinable petitioner here contends trial court (1) inequitably failed to grant her periodic or lump sum alimony and (2) failed to effect a just property division.

A prefatory reference to some relevant and well settled guiding principles is deemed appropriate.

I. "Our review is de novo. Without considering the fault concept, we apply the general formula detailed in *Schantz v. Schantz*, 163 N.W.2d 398, 405 (Iowa 1968), in arriving at an equitable determination of financial or property rights of parties in an action for dissolution of marriage." *In re Marriage of Fisher*, 237 N.W.2d 452, 453–454 (Iowa 1976).

II. This court has also observed:

"No single factor is controlling in determining whether a particular award constitutes alimony or a property division. All relevant factors must be taken into consideration including the extent and nature of the property accumulated by the parties which the court is called upon to distribute in a just and equitable manner, the provisions of the original decree terminating the marital relationship as well as the guidelines set out in *Schantz v. Schantz*, 163 N.W.2d 398, 405 (Iowa 1968), excluding consideration of reward or punishment on the basis of fault. *In re Marriage of Winter*, 223 N.W.2d 165, 169 (Iowa 1974)." *In re Marriage of Woodward*, 229 N.W.2d 274, 278–279 (Iowa 1975).

III. And as *In re Marriage of Murray*, 213 N.W.2d 657, 659 (Iowa 1973) says:

"[A]lthough property rights and alimony may be closely related they are distinguishable and have differing purposes. [Citations].

"The Code 1971, Section 598.21 provides the basis upon which alimony and property rights are determinable. In material part it provides: 'When a dissolution of marriage is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be justified.'

"Manifestly the matters to which § 598.21 alludes can only be resolved on an ad hoc basis by a fair consideration of all relevant factors. [Citations]."

See also *In re Marriage of Woodward*, 229 N.W.2d at 278; *In re Marriage of Peterson*, 227 N.W.2d 139, 142 (Iowa 1975); *In re Marriage of Freese*, 226 N.W.2d 800, 802 (Iowa 1975; *In re Marriage of Novak*, 220 N.W.2d 592, 597 (Iowa 1974).

▆ IV. Additionally, as articulated in the case of *In re Marriage of Briggs*, 225 N.W.2d 911, 913 (Iowa 1975):

"Our law does not contemplate a division of property on a price-per-hour basis, as though marriage is a business venture. Husband and wife need not, during happy days, keep a ledger to prove his or her economic value should the marriage later founder. Cf. *Madsen v. Madsen*, supra, 261 Iowa [476] 480, 154 N.W.2d [727] at 729 [1967]. The factors listed in *Schantz v. Schantz*, supra, were not intended to work with mathematical precision. They are simply criteria to help in arriving at a result which, as § 598.21 puts it, is 'justified.'"

V. Both parties hereto treat petitioner's above stated contentions on appeal as one issue. They will be likewise entertained by us, absent any apparent need to do otherwise.

Unquestionably both petitioner and respondent have, by hard work, contributed materially to the marriage. It is also evident Sadie has provided less financially but more domestically to the welfare of the family than did Leonard.

In summary, it now appears that under the decree entered below petitioner (1) gets no alimony after 32 years of marriage and raising four children; (2) receives a half interest in the home ($12,500); (3) retains a net of $500 in a savings plan; (4) keeps an automobile ($3500); (5) has benefit of her annual income ($10,713) with attendant monthly retirement pension ($162.23) and I.P.E.R.S. benefits ($135); (6) is to have occupancy of the home until November 10, 1978, she to pay taxes thereon until such date when the real estate is to be sold and net proceeds equally divided; (7) receives household furniture ($2000); but (8) must satisfy all her existing personal obligations (at least $1500).

Looking to the other side of the coin respondent, in good health, (1) pays no alimony; (2) keeps a car ($3500) and savings accounts ($2800); (3) receives a half interest in the home ($12,500); (4) will share equally with petitioner the post-November 10, 1978 house sale proceeds; (5) retains the cash surrender value of life insurance policies ($6000); (6) holds four other like longstanding policies (value not shown); and (7) keeps his annual earnings (about $16,000–$17,000), subject only to time restricted child support and conjectural short-term house maintenance costs.

On balance, it is to us evident that absent a home and some alimony, petitioner faces a relatively difficult future after 32 years of marriage, industry, and the rearing of a family unless she have benefit of a more realistic award than was allowed her by trial court. Without question she is sentimentally attached to the home and could there conceivably live out the remainder of her lifetime. Also, because of petitioner's state of health and occupation-related lifestyle her financial needs are greater than respondent's but the latter earns about twice as much as does the former.

On the other hand, respondent has apparently secured other acceptable living quarters and may be expected to continue his existent remunerative activities for a reasonable period of time.

It still remains, however, petitioner's request that she be awarded sole and complete title to the home property would, in effect, leave respondent with relatively little of economic value to show for his arduous efforts.

▆ In brief, our de novo review leads us to conclude trial court's award of limited occupancy rights in the home and failure to grant her any alimony is not justified.

VI. It is therefore now ordered, title to Lots One (1) and Two (2) in Block One (1) Westholme Second Addition to the City of Davenport, Iowa is vested in petitioner and respondent as tenants in common provided, however, petitioner shall have sole right of occupancy thereof as long as she may elect,

or is able to occupy same, subject to the condition petitioner pay all assessed taxes, plus reasonable upkeep, maintenance and repair costs and fire insurance premiums thereon. In event petitioner shall die or for any reason sooner discontinue occupancy of said premises as a home then same shall be sold and the net proceeds divided equally between petitioner and respondent or their respective successors in interest.

Furthermore, respondent shall pay petitioner alimony in the sum of $75 each month commencing the first day of the month following issuance of procedendo by this court, such payments to continue until either party hereto shall die or petitioner remarries. Judgment shall be accordingly entered.

Save and except as above modified the decree entered by trial court is affirmed.

VII. Petitioner has here requested an allowance of fee for her attorney. A supportive itemized statement is on file.

Within three months after issuance of procedendo respondent shall pay petitioner $750 through the Scott County Clerk's office to apply on the fee for her attorney's services and his expenses in connection with this appeal. See *In re Marriage of Freese*, 226 N.W.2d at 803; *In re Marriage of Cooper*, 225 N.W.2d 915, 920–921 (Iowa 1975); *In re Marriage of Jennerjohn*, 203 N.W.2d 237, 245 (Iowa 1972).

This case is remanded for entry of decree in accord herewith.

Costs are taxed to respondent.

Affirmed in part, modified in part and remanded with directions.