In re the MARRIAGE OF Erma L. STUART and Jack W. Stuart.

Upon the Petition of Erma L. STUART, Petitioner-Appellant, and concerning Jack W. STUART, Respondent-Appellee.

No. 2–58202.

Supreme Court of Iowa.

April 20, 1977.

Earl W. Sutton, Sutton & Nielsen, Des Moines, for petitioner-appellant.

Tom Hyland, Hyland & Laden, Des Moines, for respondent-appellee.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and REYNOLDSON, JJ.

RAWLINGS, Justice.

On this appeal petitioner seeks greater economic redress than is provided by trial court's dissolution of marriage decree. We affirm.

Erma L. Stuart, petitioner, and Jack W. Stuart, respondent, had been married about 28 years and the record shows both made substantial contributions to the relationship.

The marriage was dissolved by a July 25, 1974 decree. August 2, 1974, respondent moved to reconsider and for a new trial. Petitioner resisted the reconsideration motion but joined in seeking a. new trial. November 7, 1974, hearing was held upon what trial court deemed a motion to enlarge findings in the original decree, apparently pursuant to Iowa R.Civ.P. 179(b). Testimony adduced in course of the prior hearing was adopted and new evidence presented. February 17, 1975, trial court executed an "Order Modifying Decree".

The parties have seven children, four of whom had not attained majority at trial time. Petitioner was awarded custody of the minors.

Respondent, age 50 at time of original hearing, suffers from rheumatoid arthritis and is unable to work. His income consists of social security payments and Veteran's benefits totaling $433.28 per month.

Petitioner, then 48, was in good health and employed, her annual work-related income being about $9040. She also receives $225 each month from social security which the court ordered paid to her as child support. By the decree, as modified, this obligation is to remain identical with respondent's eligibility for dependent's social security benefits. In event his eligibility changes, payments are to be attendantly revised.

The homestead consisted of a large lot with two houses on it. The older residence produced $115 monthly rental income. The other is a newer house in which the parties resided before the marriage terminated. This property was given a total value by trial court of $47,000, subject to a $20,500 mortgage. The original decree granted petitioner the new house, with the mortgage to be assumed by her. It further directed a sale of the rental house with respondent to receive the first $7000 from proceeds realized, petitioner to have the remainder. It soon developed, however, the mortgagee would not permit a separate disposal of the older house. Consequently, the supplemental decree provides petitioner pay respondent $7000, whereupon she shall have both houses, otherwise the entire two home tract is to be sold and proceeds divided equally.

The parties hereto also owned another and separate residence upon which trial court placed a $4000 value. This property produced a monthly rental income of $50. It was awarded to respondent by the original decree. He had paid about $800 in back taxes on the place after receiving it and anticipated additional quiet title expenses.

Additionally, by terms of the first adjudication, respondent receives his interest in

New Mexico real estate valued at $400; household goods and personal property worth $4000; savings amounting to $1000; and a 1973 Chevrolet subject to a $3000 encumbrance. On the other hand, petitioner is thereby awarded household goods worth $2500; savings and checking accounts totaling $2372; and a 1972 station wagon subject to a $1250 mortgage.

Sometime after entry of the original decree, petitioner sold a Chrysler automobile engine which had apparently been stored in a building adjacent to the home. Respondent asserted, and trial court agreed, this motor was included in the unspecified personal property originally awarded him. The modification order provides petitioner shall pay respondent $350 for the engine unless it be returned to him within a given time.

Finally, we note petitioner received a $5000 gift from her parents in 1967 and had inherited about $4000.

These are the issues now raised for review: (1) Was the property settlement and child support decreed by trial court justified under the circumstances; (2) did trial court err by ordering petitioner to reimburse respondent for the Chrysler engine?

■ I. Our review is de novo. Without considering the fault concept, we apply the general *Schantz v. Schantz,* 163 N.W.2d 398, 405 (Iowa 1968), formula in the determination of financial or property rights.

This court has also said:
"Our law does not contemplate a division of property on a price-per-hour basis, as though marriage is a business venture. Husband and wife need not, during happy days, keep a ledger to prove his or her economic value should the marriage later founder. Cf. *Madsen v. Madsen,* supra, 261 Iowa [476] 480, 154 N.W.2d [727] at 729. The factors listed in *Schantz v. Schantz,* supra, were not intended to work with mathematical precision. They are simply criteria to help in arriving at a result which, as § 598.21 puts it, is 'justified'." *In re Marriage of Briggs,* 225 N.W.2d 911, 913 (Iowa 1975).

See generally *Willcoxson v. Willcoxson,* 250 N.W.2d 425 (Iowa 1977); *Locke v. Locke,* 246 N.W.2d 246, 251 (Iowa 1976); *Zinger v. Zinger,* 243 N.W.2d 639, 640–641 (Iowa 1976).

■ II. We are satisfied the property division and child support decreed by trial court were justified under existing circumstances. As aforesaid, respondent is unable to work and receives only $433 in government benefits. He is also awarded the aforesaid separate residential property as to which the title is in question. On the other hand, petitioner is in good health, earns more than $9000 a year, is to conditionally have the residence-located property subject to mortgage or to otherwise receive one-half the net proceeds if it be sold, and is to get $225 each month for support of the minor children. It is evident respondent cannot reasonably pay more for child support than was allowed by trial court, and a greater property award to petitioner would be inequitable.

■ III. We are also persuaded trial court justifiably ordered petitioner to return or compensate respondent for the Chrysler engine. Although the original decree makes no mention of this motor, the supplemental decree provides, "that the Petitioner has sold a Chrysler engine that was a part of the personal property awarded the respondent". Evidently the court was thereby "interpreting" its own original decree. See *In re Estate of Cooper,* 215 N.W.2d 259, 260 (Iowa 1974).

Neither issue here raised by petitioner has merit.

AFFIRMED.