### In re the MARRIAGE OF Claire M. SKILES and Paul S. Skiles.

Upon the Petition of Claire M. Skiles, Petitioner–Appellee,

And Concerning Paul S. Skiles, Respondent–Appellant.

No. 87–389.

Court of Appeals of Iowa.

Dec. 17, 1987.

Donald A. Wine, of Davis, Hockenberg, Wine, Brown, Koehn & Shors, Des Moines, for respondent-appellant.

Thomas Hyland, of Hyland, Laden & Pearson, Des Moines, for petitioner-appellee.

Considered by SCHLEGEL, P.J., and HAYDEN, and SACKETT, JJ.

SACKETT, Judge.

We address the issue of the trial court's modification of the dissolution decree to extend the term for payment of alimony. The original decree ordered alimony payable through May, 1986. The trial court found there had been a change in circumstances and determined alimony should continue and the wife should be awarded thirty-five percent of the husband's pension. The trial court also ordered the husband to pay attorney fees. We determine the decree should not have been modified.

The twenty-nine year marriage of Petitioner–Appellee Claire M. Skiles and Respondent–Appellant Paul S. Skiles was dissolved in 1975. The decree of dissolution provided Paul was to pay Claire alimony of $1,250 a month until her death or remarriage, but in any event the alimony was to terminate when Paul reached sixty-five years of age in May 1986. In March 1986 Claire filed a petition for modification asking the decree be modified to continue alimony until her death or remarriage. After a hearing the trial court found a material change in circumstances and modified the decree to provide alimony of $1,000 per month until death or remarriage and provided Claire should receive thirty-five percent of Paul's retirement benefits and $1,000 in attorney fees.

Paul appeals contending (1) a change of circumstances was not shown, and (2) a modification because of Claire's distressed financial condition should be denied be-

cause it was due to her own fault or voluntary wasting of her talents and assets.

Our review is de novo. Iowa R.App.P. 4; *Thayer v. Thayer*, 286 N.W.2d 222, 223 (Iowa App.1979).

▪ The court retains the power to modify a finite alimony award at any time when such an award is included in the initial decree. *In re Marriage of Marshall*, 394 N.W.2d 392, 397 (Iowa 1986). To increase the original alimony award Claire has the burden to show there has been a substantial change in circumstances occurring after the entry of the decree. *In re Marriage of Jensen*, 251 N.W.2d 252, 254 (Iowa 1978); *Spaulding v. Spaulding*, 204 N.W.2d 634, 635 (Iowa 1973).

▪ Modification of the alimony provisions of a dissolution decree is justified only if there has been some material and substantial change in the circumstances of the parties, financially or otherwise, making it equitable that other terms be imposed. *Thayer*, 286 N.W.2d at 223. The burden rests on the party seeking modification to establish such a change of circumstances by a preponderance of the evidence. *Id.; Mears v. Mears*, 213 N.W.2d 511, 513 (Iowa 1973). Circumstances that have changed, to justify modification of alimony, must be those that were not within contemplation of the trial court when the original decree was entered. *In re Marriage of Full*, 255 N.W.2d 153, 159 (Iowa 1977). Such changes must be more or less permanent or continuous, not temporary. *In re Marriage of Carlson*, 338 N.W.2d 136, 141 (Iowa 1983).

The knowledge of the trial court at the time the award is made is the basis for determining whether there has been a change of circumstances. *Full*, 255 N.W.2d at 159; *Leo v. Leo*, 213 N.W.2d 495, 496 (Iowa 1973). The original decree is entered with a view to reasonable and ordinary changes that may be likely to occur in the relations of the parties. *Mears*, 213 N.W.2d at 514.

We look at the facts to determine if Claire has met her burden. At the time of the decree Paul had annual earnings of $66,000. In the past three years he has had average annual earnings of $100,000. Claire was unemployed at the time of the dissolution. The dissolution court in fixing alimony determined there was insufficient evidence to establish Claire was incapable of engaging in some endeavor to produce income and contemplated she was able to produce income. For the past eleven years she has been employed by the United States Navy as a training specialist in electronics warfare school and earns $21,600 annually. She has employee benefits and a civil service retirement plan. Both parties have health problems and are suffering some of the infirmities of older age.

Paul has remarried. His current wife is a homemaker. His net worth has increased as has his income. He has made substantial contributions to his retirement plan. Claire has not remarried.

▪ Claire's evidence of change focuses on a series of health problems she has experienced. She directs us to the 1985 amendment to Iowa Code section 598.21(8) which adds

c. Changes in the medical expenses of a party.

e. Changes in the physical or emotional health of a party.

as specific factors for the court to consider in determining whether there has been a substantial change in circumstances. The Iowa court has determined the 1985 amendment to section 598.21(8) evidences a continuing intent by the legislature to provide financial security to a party when an unexpected calamity occurs. *In re Marriage of Marshall*, 394 N.W.2d 392, 396 (Iowa 1986).

Since the dissolution Claire had a growth found to be harmless seborrheic keratosis removed from her right shoulder. She has other benign lesions which do not require treatment. She has a chronic fungal infection of the feet and minor cosmetic problems with skin tags around the neck. She had a spider bite on her buttocks and has had an allergic reaction to the numerous medicines she takes. She has chronic sinusitis. She had had a right hemilaminectomy and has chronic lower back pain. She

injured her right knee and underwent orthroscopic surgery on it as an outpatient. She smokes one to two packages of cigarettes daily. She suffers depression. She is being checked for possible Cushing's syndrome.

Paul too has had health problems, including glaucoma, a hiatal hernia, diverticulitis, acid peptic disease with ulceration, hypertension, lumbar disc syndrome with right foot drop, emphysema, recurrent skin cancer and actinic keratosis.

It is general knowledge certain health problems come with the aging process. The problems Claire and Paul suffer are the type that come as the years advance. The parties' marriage was dissolved over eleven years ago. Medical problems associated with the aging process are in the contemplation and knowledge of the trial court when a decree is entered. They are reasonable and ordinary changes that are likely to occur. *Mears*, 213 N.W.2d at 514. The medical problems suffered by Claire are not an unexpected calamity. *See Marshall*, 394 N.W.2d at 396.

We look then to determine if Paul's superior financial position justifies a modification of the alimony award. Paul argues he should not be penalized because he has worked hard since the dissolution and he and his current wife have saved money and made substantial contributions to his pension fund. Claire's financial position has not improved. She claims she has been unable to save money and has few available assets. Paul claims this is through no fault of his. His alimony was promptly paid. Claire received a $50,000 property settlement, and $1,250 a month alimony for eleven years. She has a job with an annual salary of $21,600 plus excellent benefits including health insurance, pension benefits and sick leave. Paul indicates Claire has done nothing to help herself financially. He contends he should not be required to pay her more now because she wasted her assets.

Paul does have a superior financial position. His income since the dissolution has been greater than Claire's. Paul has established a new family. He and his new spouse have made substantial contributions toward his retirement. We cannot ignore the efforts of his new spouse and her rights to share the pension benefits she has helped Paul accumulate. Nor do we find the advancement Paul has made would not have been envisioned by the trial court at the time the dissolution was granted. At the time of the dissolution Paul was a professional with a good salary. He was approaching retirement age. He had made retirement contributions which were set aside to him in the dissolution. There was no reason to assume this pattern would not continue.

Claire has had a salary sufficient to meet her individual needs since 1977. Additionally she has had alimony of $15,000 a year and had other monies that generated dividends and interest which have now been depleted. She is contributing to a civil service retirement fund, and has a small individual retirement account. She has made little other effort to save for her retirement. Because her marriage to Paul lasted over ten years, if she does not remarry she will qualify for social security on Paul's account. We find Claire has failed in her burden of proof to show the parties' circumstances today are not as they would have been envisioned by the trial court when the dissolution was granted.

We reverse the trial court's award, terminate alimony, deny Claire's request she receive part of Paul's pension, and direct the parties to pay their own trial and appellate attorney fees.

REVERSED.