In re the MARRIAGE OF Martin
Ronald ARONOW and Diana
Jean Aronow.

Upon the Petition of Martin Ronald
Aronow, Petitioner–Appellant/Cross–
Appellee,

And Concerning Diana Jean Aronow,
n/k/a Diana Jean Heywood, Respon-
dent–Appellee/Cross–Appellant.

No. 90–985.

Court of Appeals of Iowa.

Nov. 26, 1991.

Diane M. Stahle and Lorna A. Gilbert of Davis, Hockenberg, Wine, Brown, Koehn & Shors, P.C., Des Moines, for appellant.

Ronald R. Rieper, Des Moines, for appellee.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

This is an appeal from a trial court's refusal to modify a dissolution decree. Petitioner-appellant Martin Aronow contends the trial court should have eliminated his alimony obligation and should not have increased his child support obligation. We affirm.

The marriage of Martin and respondent-appellee Diana J. Aronow was dissolved in October 1984. Diana was given the primary custody of the parties' three children born in 1974, 1978, and 1981. Martin was ordered to pay child support of $500 per month per child. In addition, he was ordered to pay Diana alimony of $3,000 per month, to be reduced to $2,000 per month in December 1985. Alimony was payable through March 1, 1996. The decree provided if Diana remarried, her alimony would be reduced to $1,000 per month.

In February 1987 Martin released Diana from an obligation she owed him under the decree in consideration of her not filing an application to modify the decree to seek more alimony or child support as long as Martin's gross earned income for the calendar year did not exceed his gross earned income for calendar year 1983. The term "gross earned income" was used by the parties to mean Martin's gross income after business deductions but before tax deductions. The parties agreed Martin's gross earned income for 1983 was $150,000 in salary plus $20,000 in contributions to his pension and profit sharing. Martin is a medical doctor and practices through a solely owned professional corporation.

Martin in May 1989 sought to modify the decree to change physical care. He also sought to eliminate his alimony obligation because Diana was cohabiting with an unrelated male. Diana sought an increase in child support. The matter came on for trial. Diana by this time had remarried. The trial court found Diana had remarried and, according to the provisions of the decree of dissolution, her alimony was reduced to $1,000 per month starting with the month following her remarriage until March 1, 1996, when, in accord with the

provisions of the decree, the alimony would terminate. The trial court determined Martin's earning capacity to be $250,000 per year, and increased his child support obligation to $750 per month per child. Each party was ordered to pay his or her own attorney fees.

■ Martin's first contention is his alimony obligation should have been eliminated because Diana remarried. He contends Diana had to show extraordinary circumstances existed to warrant continuing her alimony after her remarriage. Where a dissolution decree is silent on the issue of payment of alimony to a former spouse after his or her remarriage, the burden is on the spouse contending the alimony should continue to show that extraordinary circumstances warrant continuing the alimony. *See In re Marriage of Shima,* 360 N.W.2d 827, 828 (Iowa 1985); *In re Marriage of Cooper,* 451 N.W.2d 507, 509 (Iowa App.1989). Diana is not required to show extraordinary circumstances to receive the alimony in accordance with the provisions of the original decree. The decree provided for alimony to continue at a reduced amount of $1,000 per month if Diana should remarry. The only circumstances considered in addressing a modification of alimony are those circumstances shown not to have been within the contemplation of the trial court when the original decree was entered. *See In re Marriage of Skiles,* 419 N.W.2d 586, 588 (Iowa App. 1987). The trial court, in entering the dissolution decree, considered Diana's possible remarriage and made provision for remarriage. Consequently, Diana's remarriage is not a changed circumstance.

■ In *In re Marriage of Francis,* 442 N.W.2d 59, 63 (Iowa 1989), the court recognized all alimony should not necessarily terminate on remarriage. Parties can contract and dissolution courts can provide alimony is not modifiable, does not terminate on remarriage, or is payable in a lesser sum on remarriage. *See generally Francis,* 442 N.W.2d at 63. When the decree provides alimony should not terminate on remarriage, or provides for a reduced amount of alimony to be paid on remar-

riage, then the remarriage of the party receiving alimony is not a change of circumstances. In such cases, remarriage alone is not sufficient to justify modification or elimination of the alimony provision.

■ Martin has not shown other circumstances that would support a modification or elimination of the alimony award. Diana's income from wages has increased. She was not working outside the home when the marriage was dissolved. She has a current annual income of $18,000. Martin's income from his medical practice has increased. Martin attempted to show he had not had an increase in income, and his financial position was no better than it was when the marriage was dissolved. Parties to a modification of a dissolution decree have the obligation to make a full and fair disclosure of their income, assets and liabilities. *See In re Marriage of Mueller,* 400 N.W.2d 86, 88 (Iowa App.1986). Martin contends his salary, pension and profit contributions have not increased since 1983.

■ Martin remarried in May 1985. His wife Melinda is a registered nurse who does bookkeeping for Martin, and on occasion fills in at the office. In 1985 Melinda was paid an annual wage of $7,200. In 1989 she was paid an annual wage of $77,-500 plus a pension contribution. In 1989 she worked for Martin's professional corporation 30–35 hours a week. In 1989 Martin, the medical doctor, showed an annual income of $144,000. We recognize Melinda renders valuable services for Martin's medical practice, and if she were not filling these jobs he would be paying a salary to another bookkeeper and substitute nurse. However, the average annual wage and benefit package for a bookkeeper and substitute registered nurse in the Des Moines area is not over $80,000 annually. The apportionment of the couples' income of $144,000 plus pension benefits to Martin, the medical doctor, and $77,500 plus pension benefits to Melinda, the bookkeeper and part-time nurse, does not represent a fair apportionment of income when their respective abilities to generate income are considered.

For purposes of assessing Martin's responsibility for child support and alimony, we attribute a large portion of Melinda's salary and benefits to him. We agree with the trial court that he has the ability to earn $250,000 annually. Where a husband or wife is obligated to pay child support or alimony, and he or she is the principal in a business that employs his or her spouse, we will look to the salary paid to his or her spouse to determine whether the allocation is fair or if it results in a salary to the spouse that is larger than average salaries for comparable employment. If the salary is in excess of salaries for comparable employment, then we will assume the portion of the salary that is in excess of comparable salaries is being paid in an attempt to show a reduced level of income for the obligor. Absent evidence showing a valid basis for the excess salary, we will attribute that portion of the salary that is excessive to the obligor spouse. *See generally Mueller*, 400 N.W.2d at 88 (where after making such an assessment we determined the salary paid to the spouse was fair).

In October 1989 Martin had a financial statement prepared showing his net worth to be $341,035, but the financial affidavit filed in these proceedings on November 30, 1989, listed his net worth at just $41,674. We find his financial statement of October 1989 to show his net worth. We disregard the financial statement Martin filed in these proceedings. Martin's income has increased, his financial position has increased, and as a result of Diana's remarriage he is paying $1,000 a month less alimony. There is no basis to modify the original alimony provisions. The trial court was correct in refusing to do so.

Martin also contends the trial court should have eliminated or reduced Diana's alimony when she started cohabiting with an unrelated male. When the matter came on for hearing, Diana had married. The alimony due by the decree during the cohabitation period was a final judgment and could not be modified retrospectively. *In re Marriage of Harvey*, 393 N.W.2d 312, 314 (Iowa 1986); *In re Mar-*

*riage of Schradle*, 462 N.W.2d 705, 708 (Iowa App.1990); *In re Marriage of Bonnette*, 431 N.W.2d 1, 3–5 (Iowa App.1988). The trial court had no authority to exonerate Martin from accrued alimony. *See Vrban v. Levin*, 392 N.W.2d 850, 852 (Iowa App.1986). Therefore, the issue no longer presents a justiciable controversy. *Rodine v. Zoning Bd. of Adjustment*, 434 N.W.2d 124, 135 (Iowa App.1988). Generally, courts will not consider an action if it no longer presents a justiciable controversy. *See Iowa Freedom of Information Council v. Wifvat*, 328 N.W.2d 920, 922 (Iowa 1983). There was no compelling reason to address the issue, and we find it unnecessary for us to do so. *See Dittmer v. Baker*, 280 N.W.2d 398, 400 (Iowa 1979); *State ex rel. Turner v. Buechele*, 236 N.W.2d 322, 324 (Iowa 1975); *State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975).

Martin next challenges the increase in child support. The trial court properly found Martin's financial circumstances had improved, and there was a substantial increase in his income. We have agreed with these findings. The increase in child support was equitable. The ordered child support is less than Martin would have been ordered to pay if the child support guidelines had been applied. The trial court did not apply the guidelines, even though they were applicable. *See In re Marriage of Lalone*, 469 N.W.2d 695, 696–97 (Iowa 1991). Diana has not challenged the trial court's failure to apply the child support guidelines. We affirm on this issue.

Diana had requested attorney fees at the trial court level. They were not awarded. An award of attorney fees is not a matter of right but rests within the trial court's discretion. *In re Marriage of Kerns*, 408 N.W.2d 387, 390 (Iowa App. 1987). We find no reason to disturb the trial court's decision on this issue. Diana has requested attorney fees on appeal. We consider her request. We consider the fact that Martin has made these proceedings more difficult by his attempt to distort his income and net worth. We order Martin to pay $2,000 toward Diana's attorney fees on

appeal. We deny his request to have Diana pay his attorney fees.

AFFIRMED.