In re the MARRIAGE OF Carol Marie LEE and Charles Henry Lee.

Upon the Petition of Carol Marie Lee, Appellee,

And Concerning Charles Henry LEE, Appellant.

No. 91–751.

Supreme Court of Iowa.

June 17, 1992.

David P. Jennett and Colin J. McCullough of McCullough Law Firm, Sac City, for appellant.

Thomas R. Mohrhauser, Mapleton, for appellee.

Considered by SCHULTZ, P.J., and LAVORATO, NEUMAN, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

The noncustodial parent appeals from a modification of the provisions for child support in a dissolution of marriage decree. We must first determine if there was a substantial change in circumstances justifying the modification of the decree. Second, we must determine whether the veterans' disability payments are to be included in net income in the court's application of the child support guidelines. We affirm the district court's modification order.

### I. *Background.*

Carol Lee and Charles Lee's marriage was dissolved by decree in August 1977. The decree awarded the custody of the Lees' four children to Carol subject to visitation rights. Carol was awarded the marital residence but was not awarded any alimony. Charles, whose adjusted gross income was approximately $21,204, was ordered to pay child support in the amount of $125 per child, per month until either the age of eighteen or twenty-two depending on whether the child attended college.

In July 1980 Carol filed an application for modification of decree asking that the monthly amount of child support be increased. The court ordered a modification of the decree on September 8, 1981. The order incorporated the terms of a stipulation between the parties that required Charles to pay for the cost of braces and orthodontic work for two children. Charles' obligation was not to exceed $1300 per child. Any additional costs were to be paid by Carol. There was no modification of the monthly child support obligation. Although not required by court order, Charles made gifts averaging over $1500

per year to the children after the dissolution of the marriage.

In September 1990 Carol again made application for a modification of the child support provisions of the decree. The district court, in March 1991, ordered the decree modified. Charles was ordered to pay $632 per month in child support for his daughter Nancy. Charles appeals from the court's modification order.

## II. *Scope of Review.*

 Our review of a district court's modification of a dissolution decree is de novo. Iowa R.App.P. 4. A party asking for modification of a dissolution decree must establish by a preponderance of the evidence that there has been a substantial change in the circumstances since the entry of the decree or its latest modification of the provisions involved. *In re Marriage of Bergfeld*, 465 N.W.2d 865, 870 (Iowa 1991).

## III. *Substantial Change in Circumstances.*

 The district court may modify orders for child support when there is a substantial change in circumstances. Iowa Code § 598.21(8) (1991). By statute, specific factors are to be considered in making this determination. Iowa Code § 598.21(8), (9). In 1989 Iowa adopted child support guidelines to be used in determining the child support obligation. Iowa Code § 598.21(4) (1989 Supp.). The adoption of the guidelines, standing alone, does not furnish the basis for a modification of a child support award entered prior to October 12, 1989. *Bergfeld*, 465 N.W.2d at 868–70. However, it is obvious the modification of existing child support awards is increasingly being recognized as crucial to maintaining adequate and equitable child support. Under the Family Support Act of 1988 (Pub.L. 100–485), all states are required to implement procedures for review and modi-

fication, if warranted, of child support orders.[1]

Prior to trial, the parties had submitted requests for production and interrogatories. A pretrial stipulation filed by the parties indicated one of the issues was whether there had been a substantial change in income of the parties from the time of the original decree. At trial the parties submitted copies of federal and state income tax returns that were filed after the dissolution.

The district court determined Carol must establish a substantial change in circumstances, not from the date of the original decree in 1977, but rather from the date of the 1981 modification. The court correctly found the child support issue determined by the 1981 order constituted a final adjudication. The court then concluded there had been a material and substantial change in circumstances since the 1981 modification.

The court found Charles' current income was substantially greater than it was at the time of the 1981 modification. Changes in income of a party is one of the statutory factors to be considered in determining whether there is a substantial change in circumstances. Iowa Code § 598.21(8)(a). Charles urges the court's findings were not supported by the evidence. He also urges it was error for the court to consider his veterans' disability benefit payments as income. To resolve these issues, we must determine what is income for child support purposes.

 Income of a party refers to net income as defined in the guidelines. Net income is gross income less certain allowable deductions. *See, e.g., In re Marriage of Gaer*, 476 N.W.2d 324, 326 (Iowa 1991); *In re Marriage of Powell*, 474 N.W.2d 531, 533 (Iowa 1991). Among the allowable deductions are federal and state income tax payments (properly calculated), social secu-

---

1. The Iowa legislature recently passed Senate File 2316 which contains a section amending Iowa Code § 598.21. The amendment will become effective July 1, 1992. The amendment provides in part:

> 9. Notwithstanding subsection 8, a substantial change of circumstances exists when the court order for child support deviates by ten percent or more from the amount which would be due pursuant to the most current child support guidelines established pursuant to subsection 4.

Because this legislation is prospective, we need not address it here. Iowa Code § 4.2.

rity payments, and dependent health insurance costs.

■ The guidelines do not limit the definition of gross income to that income reportable for federal income tax purposes. Although veterans' disability benefits, social security disability or retirement payments, and workers' compensation benefits are exempt from federal taxes, they are properly considered as income in determining if a substantial change in circumstances has been established and in determining the amount of child support. *See In re Marriage of Howell*, 434 N.W.2d 629, 633 (Iowa 1989) (veterans' retirement and disability benefits); *In re Marriage of Stuart*, 252 N.W.2d 462 (Iowa 1977) (social security disability payments); *In re Marriage of Bales*, 380 N.W.2d 754, 755 (Iowa App.1985) (workers' compensation benefits). Only public assistance payments are specifically excluded as income under our guidelines.

Accordingly, Charles' gross income in 1980 was his taxable income of $26,614 plus the nontaxable veterans' disability benefits of $3192 totaling $29,806. Deducting federal and state income taxes in the amount of $5021 and social security tax of $1587 his net income was $23,198. These were the current income figures available at the time of the modification in 1981.

Although Charles had all 1990 income and tax information available at the 1991 hearing, his 1990 tax returns had not been prepared. He testified that his 1990 income would be very close to being the same as that shown on his 1989 income tax returns. His 1990 salary of $30,000 and bonus of $3000 was the same as that reported in his 1989 return. His gross income for 1989 was his taxable income of $36,314 (salary, bonus, and interest) plus his nontaxable veterans' disability benefits of $6552 totaling $42,866. Deducting federal and state income taxes in the amount of $5975 and the social security tax of $2545 his net income in 1989 was $34,346.

■ When we compare Charles' 1980 net income with his 1990 net income, there is an increase of forty-eight percent. We agree with the trial court's conclusion that Charles' current income is substantially greater than his income at the time of the 1981 modification.

Other statutory factors support the district court's conclusion that there had been a substantial change in circumstances. There were changes in the number and needs of the dependents. Iowa Code § 598.21(8)(d). In 1981 Charles provided child support for four children. At the time of the hearing only Nancy was receiving child support benefits. We, like the trial court, also recognize the decline in the purchasing power of the dollar since 1981. Testimony at trial demonstrated the increase in costs of raising a sixteen-year-old girl.

■ There was a remarriage of a party. Iowa Code § 598.21(8)(g). Charles remarried on September 20, 1981. Although Charles' wife has no obligation to support Nancy, her income is relevant to Charles' overall financial condition on the change in circumstances issue. *In re Marriage of Dawson*, 467 N.W.2d 271, 276 (Iowa 1991).

Because the statutory factors support a finding of substantial change in circumstances, it is appropriate to compare the existing support obligation with the amount provided under current child support guidelines. Carol has established by a preponderance of the evidence that there has been a substantial change in the circumstances since the 1981 modification.

## IV. *Application of the Guidelines.*

Under our child support guidelines, the court must determine the net monthly income of both the custodial and noncustodial parent. Based upon the evidence received, the court determined Carol's net monthly income was $1515 and Charles' net monthly income was $2809. This calculation included a deduction for dependent health insurance paid by Charles. Under the guidelines, child support is set at 22.5% of the noncustodial parent's net income. Thus, the amount of child support specified by the guidelines is $632 per month.

There is a rebuttable presumption that this amount is the correct amount of support to be awarded. Iowa Code § 598.-

21(4)(a). The court found no special or extraordinary circumstances which would justify an adjustment of the support amount. The district court did, however, comment that that support amount seemed high.

■ We recognize an increase in the amount of child support from $125 per month to $632 per month is significant. However, the guidelines are designed to consider both the ability of the parents to provide support for their child or children and the needs of the child or children. At the time of the modification in 1981, the same considerations of ability to provide and the needs of the children were applicable. Charles was required to continue to pay $500 ($125 × 4) per month in child support when his net annual income was approximately $23,198. Now, with a net annual income of over $33,700, he is required to pay $632 per month in child support. In 1980, approximately twenty-six percent of Charles' net income went towards his child support obligation. Under his current obligation, only twenty-three percent of his net income is required for child support.

### V. *Disposition.*

■ The petition for modification filed in 1990 asked that the support awarded be modified as to two children, Stuart and Nancy. Stuart was in college at the time and continued to be a dependent under the decree until he reached the age of twenty-two in March of 1991. The district court did not modify the support award as to Stuart but did provide that Charles pay the clerk of court the increased child support for Nancy retroactive to October 1, 1990. Although the court has no authority to reduce support retroactive to the date of the petition for modification, the court may make an increase in child support payments retroactive to the filing date. Iowa Code § 598.21(8); *In re Marriage of Shepherd,* 429 N.W.2d 145, 147 (Iowa 1988). Under the circumstances of this case, we agree that the child support obligation for Stuart should not be modified, but that the modification of the amount of support provided for Nancy should be retroactive as ordered by the court.

AFFIRMED.