**In re the MARRIAGE OF Betsy B. PHARES n/k/a Betsy B. Jones and Douglas B. Phares.**

**Upon the Petition of Betsy B. Phares n/k/a Betsy B. Jones, Appellant,**

**And Concerning Douglas B. Phares, Appellee.**

**No. 92–270.**

Court of Appeals of Iowa.

March 30, 1993.

Harvey L. Harrison, Des Moines, for appellant.

Gale E. Juhl, Des Moines, for appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ., but decided en banc.

SACKETT, Judge.

Petitioner-appellant, Betsy B. Jones, appeals from a modification of the provisions for child support and alimony in her dissolution of marriage decree. We affirm as modified.

The marriage of Betsy B. Jones, and respondent-appellee, Douglas B. Phares, was dissolved in January 1990. The physical care of two daughters, Heidi, born April 1, 1972, and Wendy, born April 20, 1974, was awarded to Betsy. The decree provided Douglas was to pay child support and alimony.

In April 1991, Douglas sought modification of the alimony and child support provisions of the decree, and in January 1992, the trial court modified those provisions of the decree. Betsy has appealed.

At the time the decree was entered, Betsy was unemployed, and Douglas had an annual salary of $72,000. He also had substantial company benefits. The decree provided Douglas pay $1,080 child support for two children in addition to carrying health insurance on the children and paying uninsured medical expenses. Douglas was also ordered to pay alimony of $625 on the first and fifteenth of each month. With regard

to the alimony obligation, the decree provided:

[T]his obligation of the respondent for the payment of alimony shall terminate during the first 30 months on the death of petitioner. The obligation of the respondent for the payment of alimony shall terminate between the 37th and 60th months upon the remarriage of the petitioner, the cohabitation of the petitioner or the death of the petitioner.

In October 1990, Douglas lost his job and was unemployed until January 1991, when he was again employed at a lesser salary. Betsy remarried in February 1991. Her current husband has an annual income of $80,000. She works part time and has an annual salary of $10,500.

In October 1990, when Douglas's employment was terminated, he continued to pay child support. He also contacted Betsy about his situation and apparently thought she would be willing to work with him in setting new alimony and support obligations. However, in March 1991, Betsy sought a mandatory wage assignment, and this action followed.

The trial court found Douglas's current net income to be $2,650 a month. The trial court found Betsy's annual earnings to be $10,000, but determined she was capable of earning $20,000. The court, also, found Betsy had agreed to work with Douglas and accept a lower amount of money; consequently, she was estopped from enforcing alimony ordered to be paid after October 1990.

The trial court found as of September 1991, only one child would be home and modified the amount of Douglas's child support obligation to $795 per month for the months of April 1991 to August 1991, and beginning September 1991, Douglas is to pay $595 per month as child support until the child turns eighteen or becomes emancipated.

Betsy does not challenge the trial court's finding Douglas has had a substantial decrease in income and the trial court's computation of child support due at the time of the decree of modification.

■ Betsy contends the trial court did not have authority to reduce the child support payments retroactively to the date Douglas's petition for modification was filed.

The trial court, in reducing the payments, retroactively relied on a 1990 amendment effective July 1990 amending Iowa Code section 598.21. The 1990 amendment added a new unnumbered paragraph that provides:

Judgments for child support or child support awards entered pursuant to this chapter, chapter 234, 252A, 252C, 675, or any other chapter of the Code which are subject to a modification proceeding may be retroactively modified only from the date the notice of the pending petition for modification is served on the opposing party.

The parties agree that prior to this amendment, Iowa case law dictated the child support provisions in a dissolution decree could not be decreased retroactively, and the court lacked authority to divest a party of accrued support. *See In re Marriage of Shepherd*, 429 N.W.2d 145, 146–47 (Iowa 1988); *In re Evans*, 267 N.W.2d 48, 51–52 (Iowa 1978); *Wren v. Wren*, 256 Iowa 484, 489, 127 N.W.2d 643, 646 (1964).

The disagreement is whether the 1990 amendment to the statute changed this case law so as to allow support to be decreased retroactively to the date the petition was filed.

Betsy claims the 1990 amendment to section 598.21 did not change the law. She relies in a large part on *In re Marriage of Lee*, 486 N.W.2d 302 (Iowa 1992). The issue addressed by the court in *Lee* was whether support could be increased retroactively, not the issue we have before us of whether support could be decreased retroactively. The issue of a retroactive decrease was not relevant to the determination in *Lee*, but in dicta, the supreme court said:

Although the court has no authority to reduce support retroactive to the date of the petition. . . . (citing Iowa Code

§ 598.21(8); *In re Marriage of Shepherd*, 429 N.W.2d 145, 147 (Iowa 1988)). *Lee*, 486 N.W.2d at 306.

*Lee* did not address the statutory change. *Lee* is not controlling on this issue.

We agree with the trial court that the amendment allows child support to be modified retroactively to the date of the petition.

■ We also find that as of the date the petition was filed Douglas had a substantial reduction in income, and Betsy's financial situation had improved.

Douglas showed a substantial change in circumstances as of October 1990, but the petition to modify was not filed until April 16, 1991, the date the support modification was made effective. We affirm the trial court on this issue.

■ The next issue is whether the trial court was correct in retroactively modifying the alimony.

The 1990 amendment to Iowa Code section 598.21 applies only to child support. The alimony due was a final judgment and could not be modified retrospectively. *In re Marriage of Aronow*, 480 N.W.2d 87, 90 (Iowa App.1991); *In re Marriage of Bonnette*, 431 N.W.2d 1, 3–5 (Iowa App.1988).

The next question is whether Betsy was estopped from enforcing the alimony judgment. Betsy contends no agreement not to collect alimony was made and, if one was, estoppel was not shown.

We look to the findings of the trial court on issues of credibility. *See* Iowa R.App.P. 14(f)(7). However, we cannot agree with the trial court's conclusion on estoppel. There is not clear and convincing evidence supporting all elements of estoppel. *See Johnson v. Johnson*, 301 N.W.2d 750, 754 (Iowa 1981).

■ The third question was whether the alimony terminated on remarriage. The alimony award was modifiable. *See In re Marriage of Skiles*, 419 N.W.2d 586, 588 (Iowa App.1987).

■ The dissolution decree contained no language alimony did not terminate on remarriage. Parties can contract and dissolution courts can provide alimony is not modifiable, does not terminate on remarriage, or is payable in a lesser sum on remarriage. *Aronow*, 480 N.W.2d at 89. There was no such language in the decree.

■ When a provision for alimony is silent on the issue of payment of alimony to a former spouse after his or her remarriage, the burden is on the former spouse contending the alimony should continue to show extraordinary circumstances warrant continuing the alimony. *See In re Marriage of Shima*, 360 N.W.2d 827, 828 (Iowa 1985); *In re Marriage of Cooper*, 451 N.W.2d 507, 509 (Iowa App.1989). Betsy has not made a sufficient showing of extraordinary circumstances warranting continuation of alimony. She is now employed and her current husband has a substantial income.

We affirm the order decreasing the child support.

We modify the order decreasing alimony and provide alimony terminate on February 14, 1991, the date of Betsy's remarriage.

The trial court found Douglas overpaid $7,406.54. We reduce the amount Douglas overpaid to $782.76.

■ Betsy contends the trial court should have extended Douglas's obligation for Wendy's child support through completion of her post-high school education. Betsy does not cite to portions of the record where there is evidence supporting this request as required under Iowa Rule of Appellate Procedure 14(g). The trial court can, in its discretion, award support of a child through college under the proper circumstances. *See In re Marriage of Lieberman*, 426 N.W.2d 683, 685 (Iowa App. 1988).

**AFFIRMED AS MODIFIED.**

All the judges concur except OXBERGER, C.J., joined by SCHLEGEL, J., who concurs in part and dissents in part.

OXBERGER, Chief Judge (concurring in part and dissenting in part).

The dissolution decree in this case provided that alimony shall terminate during the first 30 months or the death of the petitioner. Between the 37th and 60th months alimony shall terminate upon remarriage of the petitioner, the cohabitation of the petitioner or death of the petitioner.

I find the first 30 months of alimony to be fixed periodic alimony not subject to modification. I would not terminate the alimony until 30 months after the decree or June, 1992.

I concur in the remainder of the majority's decision.