In re MARRIAGE OF Kristie Louise BARKER and Lonnie Gene Barker.

Upon the Petition of

Kristie Louise Barker, Appellant,

And Concerning

Lonnie Gene Barker, Appellee.

No. 98–1753.

Supreme Court of Iowa.

Sept. 9, 1999.

John B. Whiston of the Clinical Law Programs, University of Iowa, Iowa City, and Alex Mongiat, Student Legal Intern, for appellant.

Jeffrey L. Farwell of Farwell & Bruhn, Clinton, for appellee.

Considered by LARSON, P.J., and CARTER, TERNUS, CADY, and HARRIS,* JJ.

CARTER, Justice.

Petitioner, Kristie Barker, appeals from a district court ruling denying her application to modify the child support payments required of her in the decree dissolving her marriage to respondent, Lonnie Barker. She contends the district court erred in ruling that she was not entitled to a reduction or abatement of child support payments during the time that she is incarcerated in a federal prison. In reviewing the record and considering the arguments presented, we reverse the order of the district court and remand the case to that court for an order modifying the dissolution decree in accordance with this opinion.

The marriage of Kristie and Lonnie was dissolved on January 27, 1997. Pursuant

---

* Senior judge assigned by order pursuant to     Iowa Code section 602.9206 (1999).

to the dissolution decree, Lonnie was awarded physical care of the parties' minor child, Lee, born May 20, 1993. Kristie was ordered to pay $30 per week in child support. At the time of the decree, Kristie was under house arrest, facing federal drug charges. Shortly after the decree was entered, she was convicted of those charges and sentenced to serve fifty-nine months in a federal prison without parole. Her expected release date is June 29, 2001.

■ In her petition to modify the child support obligation imposed on her by the dissolution decree, Kristie contends that her incarceration and resulting inability to earn any appreciable income constitutes a substantial change in circumstances warranting modification. The record indicates that she owns no assets of appreciable value, and her prison earnings, which accrue at the rate of $.23 per hour, do not exceed $42 per month and are sometimes less than that amount. The district court, in denying the application for modification, found that no modification of child support was appropriate until a record of Kristie's earning potential following release from prison was available. Our review of this proceeding to modify a marriage dissolution decree is de novo. *In re Marriage of Walters*, 575 N.W.2d 739, 740–41 (Iowa 1998); *In re Marriage of Bolick*, 539 N.W.2d 357, 359 (Iowa 1995).

## I. *Whether Grounds for Modifying the Support Award Have Been Established.*

■ The district court concluded that our decision in *Walters*, 575 N.W.2d at 743, did not aid Kristie because the modification of child support in that case was based on a substantial reduction in earning potential following the child support obligor's release from prison. No challenge to the existing support obligation was made in that case during the support obligor's slightly less than one year incarceration. Shortly following his release from prison, he sought a reduction in child support based on his inability to secure work that would produce sufficient income to pay the existing support obligation. In approving a downward modification of the support award, we gave recognition to the reality of the support obligor's reduced earning capacity. *Walters*, 575 N.W.2d at 743. We held that a reduced ability to pay was a valid reason for modifying the child support obligation of a convicted felon who owned no assets from which the payment of support could be made and whose earning capacity was substantially less than that which existed at the time his support obligation had been established. *Id.*

We see no distinction in legal principle between the present case and the *Walters* case. In *Walters* the time period on which the child support obligor's reduced earning capacity was based only extended for fifteen months beyond his entering prison and for only four months beyond his release from prison. The record that has been presented by Kristie in the present case spans a period of fifty-nine months during which she will have no means of paying the support obligation that the decree places on her. For this reason, her case is much stronger than that of the support obligor in *Walters*.

We are satisfied that Kristie's financial inability to meet the existing child support obligation, at least until June of 2001, constitutes a substantial change of circumstances not within the contemplation of the court at the time of the dissolution decree. Based upon this change of circumstances, Kristie is entitled to a modification of the decree so as to reduce the amount of child support required of her.

## II. *Request for Retroactive Modification.*

■ Kristie requests that any modification order be made retroactive to the time of her incarceration or, at the very least, to the time that her application for modification was served on Lonnie. Our cases have consistently held that, although a support order may be retroactively increased, it may not be retroactively de-

creased. *In re Marriage of Lee,* 486 N.W.2d 302, 306 (Iowa 1992); *In re Marriage of Shepherd,* 429 N.W.2d 145, 146–47 (Iowa 1988); *In re Evans,* 267 N.W.2d 48, 51–52 (Iowa 1978); *Wren v. Wren,* 256 Iowa 484, 489, 127 N.W.2d 643, 646 (1964).

In *In re Marriage of Phares,* 500 N.W.2d 76 (Iowa App.1993), the court of appeals suggested that the foregoing legal principle has been legislatively abrogated by a 1990 amendment to Iowa Code section 598.21. That amendment provides:

> Judgments for child support or child support awards entered pursuant to this chapter, chapter 234, 252A, 252C, 675, or any other chapter of the Code which are subject to a modification proceeding may be retroactively modified only from the date the notice of the pending petition for modification is served on the opposing party.

1990 Iowa Acts ch. 1224, § 44. The court of appeals in *Phares* interpreted this amendment as allowing retroactive application of modification orders reducing child support as well as those increasing child support. We disagree with the court of appeals' interpretation.

There is no language in the 1990 amendment to section 598.21 that affirmatively declares a change in the legal principle at issue here. It only purports to place a limit on retroactive modification of a decree when such modification is otherwise permitted. We are satisfied that our case law on this issue continues to control and that we may not retroactively reduce periodic child support obligations that have accrued prior to the time that modification is ordered.

■ A question remains as to whether we may take into consideration the fact that the accrued support obligation represents a sum beyond the obligor's ability to pay in fixing the amount of future support. We believe that this may be done but only to the extent that it will not deprive the objects of support of payments on which they rely for daily subsistence. In the present case, the minor child will not be relying on Kristie for subsistence during the time of her incarceration.

■ The minimum support required under the Iowa Child Support Guidelines, even for persons with no income, is $50 per month. That would ordinarily be the amount required in a modification order for someone in Kristie's situation. Considering, however, that for approximately seventeen months following her application for modification she has been subjected to an accruing support obligation of $130 per month, an amount substantially beyond her means, we feel obliged to temper her future payments somewhat. We direct that she not be required to make any child support payments for a period of twenty-one months following the filing of this opinion. Thereafter, her child support obligation shall be $50 per month subject to Lonnie's right to seek modification based on changed circumstances.

We have considered all issues presented and conclude that the judgment of the district court should be reversed. The case is remanded to that court for entry of a modified support order that conforms with this opinion.

**REVERSED AND REMANDED.**