# IN THE COURT OF APPEALS OF IOWA

No. 18-0011
Filed August 15, 2018

IN RE THE MARRIAGE OF MARSHA ANN RODASKY n/k/a MARSHA ANN MEYERS
AND DANIEL GLEN RODASKY

Upon the Petition of
**MARSHA ANN RODASKY n/k/a MARSHA ANN MEYERS,**
        Petitioner-Appellee,

And Concerning
**DANIEL GLEN RODASKY,**
        Respondent-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott, Judge.

The respondent appeals from the district court's order modifying the custody provision of the parties' dissolution decree. **AFFIRMED.**

Daniel Glen Rodasky, Vermillion, South Dakota, appellant pro se.

John S. Moeller of John S. Moeller, PC, Sioux City, for appellee.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Daniel Rodasky appeals from the district court's order modifying his and Marsha Rodasky's dissolution decree.[1]  On November 15, 2017, the district court modified the child custody provisions of the parties' dissolution decree regarding their child, E.A.R.  The court also modified the child support provisions of the decree beginning in October 2017.  Daniel, who had been paying child support in the amount of $464.00 per month since the entry of the initial decree, requested that his child support obligation be terminated as of October 2016, the period in which E.A.R. was not in Marsha's custody, and that Marsha be required to pay him child support in the amount of $550.00 per month for the period between October 2016 and November 2017.

In its November 2017 order, the district court ruled that Marsha was correct that child support cannot be reduced retroactively.  The court also ruled that while a child-support obligation may be temporarily modified, Daniel never requested a temporary modification of child support.  *See* Iowa Code § 598.21C(4) (2017).  Further, the court found that Daniel requested an emergency placement for E.A.R. in May 2017 but did not include a specific request that child support be modified.

Daniel appeals.

---

[1] Daniel and Marsha Rodasky's marriage was dissolved in July 2016.  In August, Marsha filed an application for rule to show cause after Daniel allowed E.A.R. to reside with him, rather than with Marsha as provided under the dissolution decree.  In October, the district court found Daniel in contempt but allowed him to purge the contempt by abiding by the decree. On October 31, 2016, Daniel filed a motion to stay and motion to reconsider after Marsha was arrested for operating while intoxicated the night E.A.R. was to be returned to her custody.  On November 2, 2016, the district court found Daniel attempted to return E.A.R. to Marsha and thereby purged his contempt.   The court did not modify the terms of the custody order.

We review modification proceedings de novo. Iowa R. App. P. 6.907; *In re Marriage of Barker*, 600 N.W.2d 321, 323 (Iowa 1999). Daniel asked the court to retroactively decrease his child support payment because E.A.R. has not resided with Marsha since October 2016. "Our cases have consistently held that, although a support order may be retroactively increased, it may not be retroactively decreased." *See Barker*, 600 N.W.2d at 323*; see also In re Marriage of Shepherd*, 429 N.W.2d 145, 146 (Iowa 1988) (holding each child support installment becomes a final judgment and lien as it became due, and the court has no authority to divest the rights of a party to such support). We conclude that the district court properly denied Daniel's request. *Barker*, 600 N.W.2d at 323.

Daniel also asserts that he should have been awarded the ability to claim the child-dependent exemption for E.A.R on his income taxes from July 2016 to December 2017. The provisions of a "decree dealing with dependency deductions are subject to change since such items are connected directly with the requirements of a noncustodial parent to afford support, child support as such being unquestionably subject to modification." *In re Marriage of Eglseder*, 448 N.W.2d 703, 704 (Iowa Ct. App. 1989). In its modification ruling, the district court ordered the parties to follow the initial decree provisions but allowed Marsha to claim E.A.R. for 2017 because Daniel claimed her for 2016. Accordingly, the district court equitably allowed the parties to alternate the tax-deduction provision for 2016 and 2017, and it did not otherwise modify the original decree because there had not been a retroactive change in the support. The district court's ruling is affirmed without further opinion. Iowa Ct. R. 21.26(1)(a), (d).

**AFFIRMED.**