In re the MARRIAGE OF Debra Louise CONGER and Ralph Eugene Conger.

Upon the Petition of Debra Louise Conger, Appellant,

And Concerning Ralph Eugene Conger, Appellee.

No. 91–1213.

Court of Appeals of Iowa.

Sept. 29, 1992.

Myron L. Gookin of Foss, Kuiken & Gookin, P.C., Fairfield, for appellant.

Greg A. Life of Life Law Office, Oskaloosa, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HABHAB, JJ.

OXBERGER, Chief Judge.

Debra and Ralph Conger were married May 22, 1971. The parties have two children, one of whom is a minor.

Debra, age thirty-six, is a high school graduate and is in good physical health. She is employed as a production manager and grosses $1548 per month. She has been employed approximately eight years. Prior to her employment, her primary responsibilities involved the care of the home and children, although she briefly held two other jobs.

Ralph, age forty, has an eleventh grade education and is in good physical health. Ralph has been employed by the railroad for the past sixteen years and grosses at least $1920 per month. He often earns overtime income. Ralph lives in the parties' home in Linby, Iowa.

On May 17, 1990, Debra filed a petition for dissolution of marriage. The parties stipulated to child custody and certain property division. The issues before the district court were the manner in which the

real estate should be sold and the distribution of Ralph's retirement benefits.

On July 23, 1991, the district court entered its decree dissolving the parties' marriage. The district court ordered the parties to sell the real estate at a public auction where both parties can bid on the property. The district court also denied Debra's request for a portion of Ralph's railroad retirement benefits. The district court also ordered Debra to pay all court costs.

Debra appeals.

Scope of Review

In this equity action, our review is de novo. Iowa R.App.P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

## I. Distribution of Railroad Retirement Benefits

Debra contends the district court erred in denying her a portion of Ralph's retirement benefits. The district court determined Debra was entitled to certain retirement benefits related to Ralph's railroad employment, but found she was not eligible for additional amounts. The court reasoned Ralph's retirement scheme was "not a true pension, but instead a government transfer payment."

Before we turn to the question of whether railroad benefits may be divided in a dissolution, we first review the scope of the Railroad Retirement Act, 45 U.S.C. §§ 231 et seq. (1986). The Railroad Retirement Act operates as the Social Security Act for railroad industry employees, and serves as both a private pension program and a social welfare plan. *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 574, 99 S.Ct. 802, 804, 59 L.Ed.2d 1, 7 (1979). The Act provides two tiers of benefits: Tier I benefits are equivalent to those the employee would receive if covered by the Social Security Act, while Tier II benefits resemble a private pension and are based on earnings and career service. *Id.* at 574–575, 99 S.Ct. at 804–805, 59 L.Ed.2d at 6–7.

■ The award of additional benefits, pursuant to the Railroad Retirement Act, has not been considered by this court since the Act was amended in 1983. Prior to the amendment, the Supreme Court interpreted the Act to prohibit a spouse from receiving an interest in benefits the other spouse may become entitled to under the Railroad Retirement Act. *Id.* at 588, 99 S.Ct. at 811, 59 L.Ed.2d at 15. *See also In re Marriage of Schissel*, 292 N.W.2d 421, 424–27 (Iowa 1980). Congress subsequently amended the Act to expressly permit characterization of Tier II benefits as "community property" subject to distribution upon divorce. *See* 45 U.S.C. § 231m(b)(2) (1986). *See also Belt v. Belt*, 398 N.W.2d 737, 739 (N.D.1987). Regulations implementing the amendment provisions are published at 20 C.F.R. § 295 (1986). We hold Tier II benefits are like a *private* pension plan and, as such, are divisible property.

■ Ralph contends Debra should not receive a portion of his Tier II benefits even if they are legally available to her. He claims she has *other* types of benefits available to her, pursuant to the Act, and has ample time to accumulate her own retirement benefits.

Well-established principles govern our position on dissolution property distribution. The partners in a marriage are "entitled to a just and equitable share of the property accumulated through their joint efforts." *In re Marriage of Havran*, 406 N.W.2d 450, 452 (Iowa App.1987). Further, pension benefits are treated as marital property in Iowa and are subject to equitable distribution. *In re Marriage of Mott*, 444 N.W.2d 507, 510–11 (Iowa App. 1989). Debra remained in the home and cared for the children for at least half of

the marriage. During that time, Ralph was accumulating valuable retirement benefits. This arrangement, agreed upon by the parties, constitutes a "joint effort".

■ In awarding Debra a portion of Ralph's Tier II benefits, we adopt the model language required by the Railroad Retirement Board:

[Debra Conger] is awarded, and the Railroad Retirement Board is directed to pay, an interest in the portion of [Ralph Conger's] benefits under the Railroad Retirement Act (45 U.S.C. § 231 et seq.) which may be divided as provided by section 14 of that Act (45 U.S.C. § 231m). [Ralph's] share shall be computed by multiplying the divisible portion of [Ralph's] monthly benefit by a fraction the numerator of which is the number of years [Ralph] worked for a railroad employer during the period of marriage (May, 1971 through July, 1991), and the denominator of which shall be [Ralph's] total number of years employed by a railroad employer at retirement, and then dividing the product by two.

II. Sale of the Family Home

■ Debra also appeals the district court's decision to require the family home be sold at a public auction. She contends the property should be placed on the market for six months and, if not sold during that time, then be sold at a public auction. Critical to this issue is the question of the value of the property, since Debra contends she will not receive the value of the property if it's sold at a public auction. The trial court heard testimony regarding the value of the property which ranged from $14,000 to $47,500. We hold the trial court was in the best position to determine the credibility of witnesses. Accordingly, we affirm the trial court with respect to the sale of the family home at a public auction.

AFFIRMED AS MODIFIED.