**In re the MARRIAGE OF Eunice Deborah KLEIN and James Robert Klein,**

**Upon the Petition of Eunice Deborah Klein, Petitioner–Appellee,**

**And Concerning James Robert Klein, Respondent–Appellant.**

**No. 92–2065.**

Court of Appeals of Iowa.

June 28, 1994.

Margaret T. Lainson of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellant.

Sharon A. Mellon of Mellon & Spies, Iowa City, for appellee.

Considered by DONIELSON, C.J., and SACKETT and HUITINK, JJ.

SACKETT, Judge.

The sole issue in this appeal is whether the trial court correctly divided respondent-appellant James Robert Klein's defined benefits pension rights in a qualified domestic relations order entered four years after the entry of a dissolution decree. James contends the trial court did not, and the order entered could result in petitioner-appellee Eunice Deborah Klein receiving property and benefits he has accumulated following the dissolution. We modify the order.

James and Deborah were divorced on July 14, 1988. They stipulated to a property division that resulted in a nearly equal division of their assets. In addition, James was ordered to pay Deborah alimony of $375 a month until James died or Deborah remarried and maintain life insurance with Deborah named as a beneficiary.

At the time of the dissolution, James was employed at Moore Business Forms, Inc., a job he still holds. As a part of James's employment at Moore, he has the defined benefits pension plan which is the subject of this litigation. Part of the July 1988 dissolution decree divided those pension rights and provided for the later entry of a qualified domestic relations order which Deborah sought and from which this appeal is taken.

After Deborah filed an application for the entry of a qualified domestic relations order, the matter was presented to the trial court primarily on written requests by both parties.

Deborah requested the court enter an order James be required to take a qualified joint and survivorship annuity with Deborah named as a joint annuitant and treat her as James's sole surviving spouse for all purposes and provided, therefore, if James died before he began to receive benefits, all of his accrued benefits would be paid to Deborah.

Deborah argued this was equitable because the order gave her estate nothing if she predeceased James and, if he died first, she needed the retirement plan since her alimony would terminate at his death.

James requested an order which would make Deborah the surviving spouse for fifty percent of a fractional share of his benefits, the numerator of the fraction to be twenty-six years (the number of years the pension benefits accumulated during the marriage), and the denominator would be the total number of years the pension had accumulated. James argues he could then provide for the balance of his benefits to be paid to his surviving spouse.

The trial court adopted Deborah's position in entering the order. The ruling of the trial court required James to name Deborah as his "surviving spouse for all purposes," thus omitting his current wife and children from any survivorship benefits from his employer.

The language of the order James challenges is as follows:

3. The alternate payee is to be treated as the surviving spouse of the participant for purposes of Section 205 of the Employee Retirement Security Act of 1974 with respect to pre-retirement survivorship annuity coverage. In the event the participant dies before benefits commence to the alternate payee, the alternate payee shall be treated as the surviving spouse for the participant's entire accrued benefit.

4. The alternate payee will be the participant's surviving spouse for all purposes. The participant must take a qualified joint and survivor annuity with the alternate payee as a joint annuitant.

James agrees Deborah should have fifty percent of the benefits that were available when the dissolution was entered. He appeals contending the trial court order should be modified because the order entered by the trial court was not equitable nor proper under Iowa law and gave Deborah benefits acquired by him after the dissolution.

The valuation and division of pension rights in dissolutions has been the subject of considerable litigation in recent years. The defined benefit plan such as James has is difficult to value because it promises a definite amount of compensation at retirement and the value to the employee is the amount of monthly benefits promised at retirement. While cases in various states suggested, because of the difficulty in placing a present value on such a plan due to uncertainties in vesting or maturity, it was appropriate to award an apportioned percent to be paid each spouse if and when the pension is payable, apportioning benefits only if and when paid. *See Janssen v. Janssen*, 331 N.W.2d 752, 756 (Minn.1983); *In re Marriage of Brown*, 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561, 565 (1976). However, at the time of the July 1988 dissolution decree, Iowa had not specifically addressed the issue. The first time a formula for the division of defined benefits was advanced in a reported Iowa case was in *In re Marriage of Curfman*, 446 N.W.2d 88, 90 (Iowa App.1989). *See also In re Marriage of Conger*, 492 N.W.2d 715, 717 (Iowa App. 1992); *In re Marriage of Hornung*, 480 N.W.2d 91, 95 (Iowa App.1991).

With reference to the pension, the dissolution decree contained the following language:

[James] has a vested interest in a pension fund by virtue of his employment at Moore Business Forms, Inc. [Deborah] shall receive one-half of the benefit [James] would be entitled to on July 1, 1988, which sums shall be payable to [Deborah] at such time as said funds are payable to [James], including any accumulations of interest or dividends on her one-half share. [James] shall continue to maintain [Deborah] as a survivor for any survivorship benefits under said pension fund. [James] shall be awarded all interest in his pension fund not awarded to [Deborah] herein.

The questions James raises are whether the qualified domestic relations order followed the decree and whether the trial court incorrectly divided postmarital assets with Deborah.

We review de novo. Iowa R.App.P. 4.

■ The court, in entering a qualified domestic relations order, is limited and cannot require a plan to provide a type or form of

benefit or option not otherwise provided for under the plan. *See* 29 U.S.C. § 1056(d)(3)(D)(i); I.R.C. § 414(p)(1)(A).

Clearly, the dissolution decree gave Deborah one-half of the benefits James was entitled to receive as of July 1, 1988, with increases on this portion of the pension.

The problem is Deborah's entitlement to the survivor's benefits. The original decree provided Deborah be named as "*a* survivor" while the qualified domestic relations order required she be named "*the* survivor." James contends requiring Deborah to be the sole survivor of all pension benefits is more than was required in the original decree and by incorporating that language, the trial court provided a result which could likely result in Deborah, who is younger than James and has a longer life expectancy, receiving not only one-half but all of the benefits James earned and continues to earn. James points out he was forty-six when the dissolution was granted and, if he retires at age sixty-five, this will give Deborah an additional nineteen years of pension benefits that were accumulated *after* their marriage was ended.

We agree with James that a survivor does not mean the only survivor and it is not clear whether any benefits mean only benefits at the time of the dissolution or encompasses future benefits. Consequently, the provision is ambiguous. Furthermore, there is no language in the decree which would dictate the decision by the trial court that resulted in Deborah having no right to any survivor benefits if she should die before James.

James argues the trial court, in making the order, gave Deborah property he did not own at the time of the dissolution.

A dissolution court has jurisdiction to divide property belonging to either or both spouses at the time of the dissolution and has jurisdiction to award alimony which will in all probability be paid out of future earnings or acquisitions. A distribution of pension benefits is a property award, not alimony. *In re Marriage of Wilson*, 449 N.W.2d 890, 892 (Iowa App.1989). It is the net worth of the parties at the time of trial which is relevant in adjusting their property rights. *In re*

*Marriage of Muelhaupt*, 439 N.W.2d 656, 661 (Iowa 1989); *In re Marriage of Moffatt*, 279 N.W.2d 15, 20 (Iowa 1979). Pension contributions made as a result of post dissolution employment is property acquired after the dissolution. *See In re Marriage of Voss*, 396 N.W.2d 801, 803 (Iowa App.1986). An increase in pension rights resulting from contributions made after a decree of dissolution but before retirement is the result of efforts made after the dissolution. *See id.* In *In re Marriage of Russell*, 473 N.W.2d 244, 247 (Iowa App.1991), this court said, "Because this sum arises as a result of James's efforts *after the dissolution*, we conclude it should not be included in the allocation of assets of the marital estate." (Emphasis added). *Id.* at 247; *see also In re Marriage of Skiles*, 419 N.W.2d 586, 589 (Iowa App.1987). In *Skiles*, we discussed substantial contributions made toward retirement by a wage earned after a former spouse married a second time and said, "We cannot ignore the efforts of his new spouse and her rights to share the pension benefits she has helped Paul accumulate." *Id.* at 589. We agree with James the trial court should not have entered an order that obligated pension monies accrued after the dissolution.

We modify the qualified domestic relations order to provide Deborah should be named as a survivor for one-half of a fraction of the plan; the numerator of the fraction being twenty-six, the years of marriage during which benefits accumulated, the denominator being the total number of years during which benefits are accumulated prior to when paid. The requirement Deborah be treated as the surviving spouse of James's entire accrued benefit is eliminated, as is the requirement Deborah be "the participant's surviving spouse for all purposes." Furthermore, the requirement "participant must take a qualified joint and survivorship annuity with Deborah as joint annuitant" is eliminated.

**MODIFIED.**