**In re the MARRIAGE OF Randy Knickerbocker and Verna Lee KNICKERBOCKER.**

**Upon the Petition of Randy Knickerbocker, Appellant,**

**And Concerning Verna Lee Knickerbocker, Appellee.**

No. 98–10.

Supreme Court of Iowa.

Oct. 13, 1999.

James T. Peters, Independence, for appellant.

R.L. Van Veldhuizen, Oelwein, for appellee.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, SNELL, and TERNUS, JJ.

McGIVERIN, Chief Justice.

In this dissolution of marriage case, respondent Verna Lee Knickerbocker seeks further review of a decision of the court of appeals which modified petitioner Randy

Knickerbocker's support obligation for one child from $521 per month, the amount set by the district court, to $201 per month. Verna contends that the court of appeals erred by recalculating the income of Randy, a farmer, after considering depreciation on his farm equipment and using income averaging over more than one year.

Upon further review, we agree with the court of appeals' calculation of Randy's child support obligation. We therefore affirm the decision of the court of appeals and modify the district court's judgment accordingly.

## I. Background facts and proceedings.

Petitioner Randy Knickerbocker and respondent Verna Lee Knickerbocker were married in September 1977. The parties have one minor child, a daughter Rachel Lee Knickerbocker born December 5, 1983.

Randy is self-employed as a farmer and is in a farming partnership with his brother. Verna is employed by a community school district as a media center aide.

Randy filed a petition for dissolution of marriage in district court in July 1996. The district court ordered Randy to pay temporary child support for Rachel in the amount of $305 per month.

Pursuant to a stipulation, the parties were able to resolve all issues in the case, except for the amount of child support and who would provide Rachel's health insurance. The parties agreed that Verna would have primary physical care of Rachel. Randy was awarded the farm and farm equipment and was ordered to pay Verna $85,000 as a property division, with $30,000 to be paid by January 15, 1998, and the balance of $55,000 to be paid in monthly installment payments amortized over thirty years, with a balloon payment due ten years from the date of entry of the dissolution decree. Verna's interest was secured by a lien on the farm and farm equipment.

At a hearing on December 15, 1997, for purposes of determining Randy's permanent child support obligation, the parties submitted federal and state income tax returns for the tax years 1993, 1994, 1995, and 1996 and other financial documents as evidence to the court. The tax returns show a significant variance in the income produced from Randy's farming operation over those years.

Based on the evidence presented, the district court concluded that the 1996 tax return was most representative of Randy's income from his farming business. The court then calculated Randy's annual income to be $38,951 and net annual income for child support guidelines purposes to be $27,904.48. Verna's net monthly income was calculated to be $822.56. Applying the child support guidelines, the court set Randy's monthly child support obligation at $521. The court also ordered Randy to pay three-fourths and Verna to pay one-fourth of the cost of Rachel's health insurance and medical expenses not covered by insurance. The court accordingly entered a decree of dissolution of the marriage.

Randy filed an Iowa rule of civil procedure 179(b) motion (enlargement of findings and conclusions). After a hearing, the court overruled the motion.

Randy appealed and Verna cross-appealed concerning the amount of the child support award.

Upon our transfer, the court of appeals recalculated Randy's annual net income and set his child support obligation at $201 per month. It thus affirmed the district court's judgment as modified.

We granted Verna's application for further review.

## II. Standard of review.

■ Dissolution of marriage decrees are reviewed in equity. *In re Marriage of Fields*, 508 N.W.2d 730, 731 (Iowa 1993). Our standard of review is therefore de novo. Iowa R.App. P. 4. In such cases,

"[w]e examine the entire record and adjudicate anew rights on the issues properly presented." *In re Marriage of Beecher*, 582 N.W.2d 510, 512–13 (Iowa 1998). In doing so, we give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R.App. P. 14(f)(7); *Beecher*, 582 N.W.2d at 513.

## III. What is Randy's net income for purposes of applying the child support guidelines?

The ultimate question we must decide in this appeal involves Randy's permanent child support obligation. Answering this question requires us to first determine Randy's annual and monthly net income for purposes of applying the child support guidelines.

### A. The parties' contentions.

In setting Randy's child support obligation, the district court concluded that the parties' 1996 income tax return was the most representative of Randy's income from the farming business. The 1996 tax return indicates Randy claimed depreciation expenses on farm operation personal property calculated by using an accelerated method of depreciation.[1]

On Randy's appeal, however, the court of appeals concluded that for purposes of applying the child support guidelines, Randy's income should be calculated by averaging his income from farming over a four-year period. Before making this calculation, however, the court of appeals recalculated Randy's annual net income for the tax years 1993, 1994, 1995, and 1996 by using a straight line method of depreciation on the personal property. Using figures submitted by Randy, the court of appeals recalculated his average annual income to be $14,721, and net monthly income to be $871. Verna had net monthly income of $822. Applying the child support guidelines, the court set Randy's monthly child support obligation at $201.

On further review, Verna contends the court of appeals erred by recalculating Randy's income by averaging his income from farming over a four-year period and by applying a straight line method to calculate depreciation on farming operation personal property. She also contends that application of the child support guidelines figure would be unjust.

### B. Deduction of depreciation expenses from income.

■ 1. In calculating child support, the first step is to determine the parents' current monthly net income from the most reliable evidence presented. *See In re Marriage of Powell*, 474 N.W.2d 531, 534 (Iowa 1991). Net monthly income is defined in the guidelines as gross monthly income less specifically enumerated deductions. *Id.* at 533. Although the Iowa child support guidelines do not specifically provide for a deduction for depreciation expenses, *see In re Marriage of Gaer*, 476 N.W.2d 324, 326 (Iowa 1991), we have adopted the view that " 'depreciation should not categorically either be deducted as an expense or treated as income, but rather that the extent of its inclusion, if any, should depend on the particular circumstances of each case.' " *Id.* at 328 (quoting *Stoner v. Stoner*, 163 Conn. 345, 307 A.2d 146, 151 (1972)); *see also In re Marriage of McKamey*, 522 N.W.2d 95, 99 (Iowa App.1994) (concluding that district court properly increased self-employed husband's income by amounts taken from

---

1. Accelerated depreciation produces larger deductions in the earlier years of an asset's life. Penny R. Heaberlin, *The Iowa Supreme Court's Child Support Guidelines: Toward an Efficient, Equitable, and Predictable Method of Determining the Amount of Child Support*, 41 Drake L.Rev. 285, 303 n. 173 (1992). Under the straight line method, the cost of the property, less its estimated salvage value, is deducted in equal amounts over the period of its remaining estimated useful life. *In re Marriage of Gaer*, 476 N.W.2d 324, 329 (Iowa 1991) (citing Internal Revenue Code (IRC) § 167(b)(1) (1989)).

business for personal use, but claimed as business expenses on husband's tax returns); *In re Marriage of Starcevic,* 522 N.W.2d 855, 856–57 (Iowa App.1994) (husband was not entitled to deduct depreciation expenses from income for purposes of calculating child support where farming was not husband's sole source of income; at best, farm was a hobby, and at worst, a tax shelter).

In *Gaer,* 476 N.W.2d at 329, we noted that for tax purposes, the parties had used an accelerated method of depreciation to calculate depreciation expenses for a semi-truck tractor and trailer. We concluded, however, that the noncustodial parent, a farmer, was entitled to a deduction for depreciation expenses calculated under a straight line method of depreciation rather than under the accelerated method. Using a straight line method of depreciation, we recalculated the father's income and adjusted the amount of child support according to the child support guidelines.

■ 2. Upon our review, we conclude that it was proper for the court of appeals to recalculate depreciation of Randy's personal property farming assets under a straight line method of depreciation in order to do justice between the parties. As we noted in *Gaer, id.* at 329, we believe that reasonable depreciation on farm machinery and other assets related to the farm business is an expense reasonably necessary to maintain that business, and that such expenses should be considered in calculating Randy's income.

We affirm the decision of the court of appeals on this issue.

### C. Calculation of income using income averaging method.

■ 1. After the court of appeals recalculated Randy's income by applying a straight line method of depreciation, the court then determined Randy's income by using a four-year average of Randy's income for the years 1993, 1994, 1995 and 1996. Verna contends it was error for the court of appeals to average Randy's income over a four-year period.

2. We have said that when a parent's income is subject to substantial fluctuations, it may be necessary for the court to average the parent's income over a reasonable period when determining the current monthly income. *Powell,* 474 N.W.2d at 534; *see also In re Marriage of Robbins,* 510 N.W.2d 844, 846 (Iowa 1994) (stating "it is unrealistic and unfair to fix child support obligations based solely on the most recent periodic income amounts"). Our court of appeals has used the average method of calculating income to determine the child support obligations of a farmer. *See In re Marriage of Cossel,* 487 N.W.2d 679, 683 (Iowa App.1992) (farmer's income calculated by averaging income over three-year period); *In re Marriage of Hoag,* 380 N.W.2d 8, 10 (Iowa App.1985) (farmer's income calculated by averaging income over five-year period).

Thus, Iowa case law clearly allows a court to compute a parent's annual income by using the method employed by the court of appeals. Based on the evidence presented, we believe that the court of appeals properly calculated Randy's net annual income, after applying a straight line method of depreciation, by averaging his income over a four-year period. The amount of child support set by the court of appeals of $201 per month is in accordance with that required by the guidelines.

### D. Unusual financial circumstances and substantial injustice.

■ 1. Verna further contends that the court of appeals erred by not considering Randy's unusual financial circumstances and argues substantial injustice was imposed upon Verna and their daughter in calculating Randy's child support obligation.

■ "There is a rebuttable presumption that the amount of child support which would result from the application of the guidelines is the correct amount of child

support to be awarded." *In re Marriage of Bergfeld,* 465 N.W.2d 865, 869 (Iowa 1991) (citations omitted). We explained in *Bergfeld:*

> The court shall not vary from the amount of child support which would result from the application of the guidelines without a written finding that the guidelines would be unjust or inappropriate as determined under the following criteria:
>
> (1) Substantial injustice would result to the payor, payee, or child;
>
> (2) Adjustments are necessary to provide for the needs of the child and to do justice between the parties, payor, or payee under the special circumstances of the case; and
>
> (3) Circumstances contemplated in Iowa Code section 234.39 [foster care expense].

*Id.* (citations omitted); *see also* Iowa Code § 598.21(4)(a).

Although each court used a different amount for annual net income, both the district court and court of appeals applied the guidelines to determine Randy's monthly child support obligation. In doing so, neither court varied from the amount established by the guidelines. Additionally, Randy did not contend on appeal that the amount established by the guidelines was unreasonable or unfair. Rather, his challenge to the district court's calculation of child support was directed at how the court calculated his annual and monthly net income, taking into account depreciation expenses.

Verna argued on cross-appeal that the court had authority to depart from the amount of child support mandated by the child support guidelines, and thus to increase Randy's child support obligation, based on Randy's unusual financial circumstances and that failure to do so would result in substantial injustice to the parties' child. Verna explains the unique circumstances as being that Randy and his brother Tom had taken withdrawals of ap-

proximately $5000 per month from the farm partnership during the dissolution proceedings and that the majority of Randy's living expenses are paid by the farm business. As a result, Verna asserts that the evidence shows that Randy's disposable and discretionary income is more than that reflected on the tax returns. The court of appeals denied Verna's cross-appeal, finding no evidence that Randy's net income is as high as she claims. Verna reasserts this argument in her application for further review.

Based upon our de novo review of the record, we find no evidence justifying an upward departure from the guidelines. Specifically, there was no evidence that the withdrawals were other than of capital from the partnership. Verna has not overcome the presumption that application of the child support guidelines figure would be the correct amount to be awarded. We conclude that the court of appeals properly determined Randy's child support obligation.

## IV. Disposition.

We conclude that the court of appeals correctly adjusted Randy's net income using a straight line method of depreciation on farm operation related items. Under this record, we also conclude that the court of appeals properly calculated Randy's income by averaging his income from farming over a four-year period and properly set his child support obligation at $201 per month according to the child support guidelines. As to other issues raised by the parties, we find them without merit or unnecessary to address. We affirm the decision of the court of appeals and modify the district court judgment accordingly.

**DECISION OF THE COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT AFFIRMED AS MODIFIED.**