## IN THE COURT OF APPEALS OF IOWA

No. 19-0626
Filed March 4, 2020

**KATHERINE HENDERSON,**
    Plaintiff-Appellee,

**vs.**

**MATTHEW MULLENIX,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Appanoose County, Daniel P. Wilson, Judge.

Matthew Mullenix appeals a final domestic abuse protective order issued under Iowa Code chapter 236 (2019). **REVERSED AND REMANDED.**

David A. Morse of Law Offices of David A. Morse, Des Moines, for appellant.

Katherine Henderson, Mystic, self-represented appellee.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

Matthew Mullenix was found to have committed domestic abuse in a proceeding brought pursuant to Iowa Code chapter 236 (2019). As a result, a final domestic abuse protective order was issued against him. Mullenix appeals from the entry of the final domestic abuse protective order.[1] He notes that proof of an assault is a required element of the cause of action seeking relief from domestic abuse under chapter 236. He argues there was insufficient evidence to support the district court's determination he committed an assault within the meaning of Iowa Code section 708.1. Upon our de novo review, we agree.

During a period of approximately ten years leading up to the start of these proceedings, appellee Katherine Henderson was in an "on again, off again" relationship with Mullenix. During part of this ten-year period, the parties lived together. After the relationship ended, Henderson started these proceedings by filing a petition for relief from domestic abuse. The petition alleges Mullenix made several threatening statements to Henderson over the phone, by text message, by voice mail, and by mail and made her fear for her safety. The district court issued a temporary protective order and set the matter for hearing to determine whether a final protective order should be issued. Both Mullenix and Henderson appeared and testified at the hearing. After the hearing, the district court entered a final

---

[1] Mullenix also challenges the temporary protective order issued before the final protective order. Because the district court entered a final order, we will not address Mullenix's challenge to the temporary order on appeal. *See Foods, Inc. v. Leffler*, 240 N.W.2d 914, 919 (Iowa 1976) ("When a final decree is entered, a temporary injunction is merged or dissolved into it and thereafter the propriety of the order directing the issuance of a temporary injunction or affording temporary relief is generally regarded as academic, or moot.").

domestic abuse protective order.  The final order notes both Mullenix and Henderson appeared to be credible, but the court ultimately accepted Henderson's version of the facts on whether an assault occurred.  The court found that Mullenix went to Henderson's current residence and threatened her with physical harm. Mullenix now appeals.

Our review is de novo.  *Wilker v. Wilker*, 630 N.W.2d 590, 595 (Iowa 2001). "[W]e give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but we are not bound by them."  *In re Marriage of Knickerbocker*, 601 N.W.2d 48, 51 (Iowa 1999).

A party seeking a protective order pursuant to chapter 236 must prove by a preponderance of the evidence that a domestic abuse assault occurred.  *See* Iowa Code §§ 236.4(1) ("[T]he plaintiff must prove the allegation of domestic abuse by a preponderance of the evidence."), 236.5(1) (providing relief "[u]pon a finding that the defendant has engaged in domestic abuse").  "Domestic abuse" means "committing assault as defined in section 708.1" when the assault is between specified persons.[2]  *Id.* § 236.2(2).

Mullenix argues the district court erred by entering the final protective order because Henderson failed to prove Mullenix assaulted her. In this case, no assaultive physical contact is alleged.  The alleged assault consisted of threats.

---

[2] Mullenix also argues Henderson failed to prove they were once in an "intimate relationship" as required under Iowa Code section 236.2(2)(e)(1).  On our review of the record, we agree with the district court that Mullenix and Henderson were once in an intimate relationship, as defined in Iowa Code section 236.2(5) and described in Iowa Code section 236.2(2)(e)(1)(a)-(d), and had contact within the year leading up to the alleged assault.  Therefore, we find Henderson satisfied the relationship element of the cause of action set forth in Iowa Code section 236.2(2)(e).

Of course, threats alone can constitute an assault because Iowa Code section 708.1 defines "assault" as "[a]ny act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act." *Id.* § 708.1(2)(b). The fighting issue in this case then becomes whether Mullenix's statements contained in mailed letters, phone calls, voice mail messages, and text messages were acts intended to place Henderson in fear of "immediate physical contact" and he had the "apparent ability to execute the act." "In this context, 'immediate' means 'occurring without delay; instant.'" *In re Landhuis*, No. 14-1447, 2015 WL 1331854, at *2 (Iowa Ct. App. Mar. 25, 2015) (quoting Black's Law Dictionary 751 (7th ed. 1999)). The ability to execute the act must be apparent to the offender, not the victim. *Bacon v. Bacon*, 567 N.W.2d 414, 418 (Iowa 1997). The apparent ability to execute the act means "that his expectations of placing another in fear . . . must be reasonable." *State v. Braggs*, 784 N.W.2d 31, 37 (Iowa 2010) (quoting *State v. Jackson*, 305 N.W.2d 420, 423 (Iowa 1981)).

The district court determined Mullenix assaulted Henderson by being "immediately available" to carry out some threats he made by phone or mail and Mullenix went to Henderson's current residence and threatened to kill her. On our review of the record, however, the evidence introduced at the hearing does not support either finding.

Starting with the letter, phone, and text messages, we find that Mullenix's statements constituted threats, as they were acts intended to place Henderson in fear of physical contact that would be painful, injurious, insulting, or offensive. However, there is no evidence supporting a finding that such threats were for

"immediate" physical contact or that Mullenix had the apparent ability to execute the threats. Henderson presented no evidence of where Mullenix was when the threats were made or mailed. The evidence in the record established that Mullenix lived in Urbandale, Iowa, and Henderson lived in Mystic, Iowa, towns separated by considerable distance. Mullenix denied being near Henderson when he called or texted her phone, and Henderson admitted during cross-examination that Mullenix was not in her presence when she received those communications or when she received mail. Such communications at a distance do not establish Mullenix had the intent to cause "immediate" physical contact or the "apparent ability" to act on his threatening statements to Henderson. Therefore, she failed to meet her burden to establish an assault, which is one of the required elements needed to authorize the district court to grant relief under chapter 236. *State v. Button*, 622 N.W.2d 480, 484 (Iowa 2001) (noting, in the context of a harassment charge, "Clearly, regarding a threat over the telephone, there is no immediate ability to carry out the threat when the speaker is not even physically present"); *Landhuis*, 2015 WL 1331854, at *3 (finding insufficient evidence to support a chapter 236 protective order because plaintiff failed to establish intent to place in fear of "immediate physical contact" and "apparent ability to execute the act" when threat was made over the telephone while the parties were 160 miles apart); *Kiersch v. Kiersch*, No. 12-0289, 2012 WL 4101011, at *1 (Iowa Ct. App. Sep. 19, 2012) (reversing and remanding for dismissal of chapter 236 proceeding when threatening messages were sent by text message without evidence of immediacy and apparent ability to execute the threat); *Speicher v. Rajtora*, No. 08-0769, 2009 WL 607497, at *1 (Iowa Ct. App. Mar. 11, 2009) (reversing and remanding for dismissal of chapter

236 proceeding when threatening telephone communication was made while the parties were one to two miles apart because evidence was insufficient to establish immediacy and apparent ability to execute the threat); *Pierson v. Mullenix*, No. 06-0555, 2006 WL 2873409, at *1 (Iowa Ct. App. Oct. 11, 2006) (reversing and remanding for dismissal of chapter 236 proceeding when threats were made over the telephone as such threats, without more, were not necessarily an assault).

The record similarly fails to establish Mullenix committed an assault by going to Henderson's home and threatening her in person. Henderson presented only a vague reference to an in-person event during her direct testimony, but that reference did not involve details that would support a finding of an assault. On cross-examination, she tried to argue that vague references to her residence in her petition constituted a claim of an in-person threat. Even then, no specifics were given that would support a finding of any in-person threat. After a review of the entire record, we cannot find sufficient evidence of an assault that would permit us to conclude the assault element of the cause of action was established.

Based on the record made at the district court, Mullenix's behavior was deplorable on repeated occasions, but it did not constitute an assault. Therefore, we reverse the district court's decision to enter a final protective order and remand for cancellation of the protective order and dismissal of the petition for relief from domestic abuse.

**REVERSED AND REMANDED.**