# IN THE COURT OF APPEALS OF IOWA

No. 24-0638
Filed March 19, 2025

**STATE OF IOWA, ex rel, I.G., J.A.G., and C.A.G.,**
　　Petitioner-Appellee,

**vs.**

**J. JESUS GONZALEZ RODRIGUEZ,**
　　Respondent-Appellant.
_____

　　Appeal from the Iowa District Court for Marshall County, Ashley Sparks, Judge.

　　A father appeals the district court's order granting the State's motion to modify the district court's 2019 order establishing child support. **AFFIRMED AS MODIFIED AND REMANDED WITH INSTRUCTIONS.**

　　Barry S. Kaplan of Kaplan & Frese, LLP, Marshalltown, for appellant.

　　Brenna Bird, Attorney General, and Jennifer S. Allison, Assistant Attorney General, for appellee.

　　Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**SANDY, Judge.**

J. Jesus Gonzalez Rodriguez appeals the district court's order granting the State's motion to modify the district court's 2019 order establishing child support. Jesus argues that insufficient evidence supported the district court's finding that his income is $107,297.24. He contends the district court should have found his income to be $79,586.50. Upon our de novo review, *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981); Iowa R. App. P. 6.907, and having given the district court's factual findings weight but not being bound by them, *In re Marriage of McKenzie*, 709 N.W.2d 528, 531 (Iowa 2006); Iowa R. App. P. 6.904(3)(g), we agree with Jesus that the district court's order should be modified to reflect an income of $79,586.50.

In 2019, Jesus was ordered to pay Aponlinaria A. Yanez-Centeno Velasco child support in the amount of $1022 per month in support of their three children, which decreased to $872 per month by the time of the current proceeding due to only two children being covered. In January 2024, pursuant to Iowa Code chapter 252H (2024), the State moved to request a hearing for modification of that 2019 order. A hearing was set and then continued until March to allow Jesus to submit his 2023 Form W-2 and tax return and health insurance documentation for the children. He submitted several additional documents as one exhibit, including a recent 2024 paystub and his 2023 Form W-2. Following that hearing, the district court entered an order finding Jesus's income to be $107,297.24 and modifying the child support order accordingly. Jesus now appeals.

The competing arguments in this case are not complex. Jesus argues we should attribute to him the income reflected in his 2023 Form W-2 from Fagen,

Inc., while the State argues we should use an extrapolated gross income—which includes per diem pay—based on a June 2023 paystub from Fagen, Inc.

"In calculating child support, the first step is to determine the parents' current monthly net income from the most reliable evidence presented." *In re Marriage of Knickerbocker*, 601 N.W.2d 48, 51 (Iowa 1999). We see no reason for the district court to have extrapolated Jesus's 2023 income from a partial year 2023 paystub when his actual full-year 2023 Form W-2 was available. The only purpose for basing Jesus's income off the paystub, rather than the W-2, is for the inclusion of his per diem pay. Per diem is "an amount of money that a worker is allowed to spend daily while on the job" in order "to cover expenses." *See Per Diem*, Black's Law Dictionary (12th ed. 2024).

Although Jesus testified that he does not maintain a home and "live[s] on the road," we are loath to consider his per diem as income without support that the per diem exceeds his expenses. *See In re Marriage of Mace*, No. 02-2112, 2003 WL 23005295, at *1 (Iowa Ct. App. Dec. 24, 2003) (attributing per diem to father's income where "per diem and travel reimbursement exceed his actual expenditures"); *In re Marriage of Heck*, No. 99-1862, 2000 WL 1724588, at *1 (Iowa Ct. App. Nov. 20, 2000) ("The Court does not consider it appropriate to include the per diem [the father] is paid when out of town."). Per diem is different from the typical non-salaried benefits we would include in an income calculation— the fact that it was not taxed indicates the employer's intention that it be used for work expenses. *See* Internal Revenue Serv. (IRS), Fringe Benefit Guide 22 (2022), https://perma.cc/VZ86-6AJ2 (explaining that per diem expenses must be

business related to be excludable from taxable wages (citing Rev. Proc. 2011-47; I.R.C. § 274(d) and (e)(3))).

As a result of living out of hotels, Jesus likely has elevated living expenses which are directly caused by and related to his employment and necessitate per diem. Per diem is paid for the purpose of covering such work-related expenses, and the State made no effort during the hearing to ferret out information relating to the amount of per diem necessary to cover Jesus's work-related expenses or whether he received more per diem than necessary to cover those expenses. Absent evidence presented to the contrary, we choose to defer to the IRS's presumption that untaxed per diem compensates for work expenses and, in that context, is not traditional bonus income.

Accordingly, we modify the district court's order to find that Jesus's annual income is $79,586.50. We affirm the order in all other respects and remand to the district court for recalculation of child support.

**AFFIRMED AS MODIFIED AND REMANDED WITH INSTRUCTIONS.**